COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


LANCE BELL, a/k/a LANCE JOHNSON

v.          Record No. 2362-94-4          OPINION BY
                                          JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                  FEBRUARY 20, 1996


          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                    Alfred D. Swersky, Judge


          Kevin T. Gaynor, Assistant Public Defender,
          for appellant.

          Thomas C. Daniel, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Following a bench trial on May 19, 1994, the appellant,

Lance Bell ("Bell"), was convicted of carjacking.  On October 27,

1994, the trial court sentenced him to fifteen years in prison,

with eight years suspended.  On appeal, Bell challenges the

constitutionality of the carjacking statute and the sufficiency

of the evidence.   For the reasons that follow, we affirm his

conviction.

                              I

     On January 2, 1994 at 9:25 p.m., thirty-four year old Tracey

Quinn parked her vehicle near her home in Alexandria, Virginia.

 Quinn left her vehicle and walked past two or three houses

before turning to ascend the front steps of her townhouse,

located around the corner but on the same block where she parked

her vehicle.  As Quinn stood on her porch holding her keys, her

purse hanging from her shoulder, a man, later identified as Bell, grabbed Quinn's purse strap from behind. Quinn turned, kicked Bell in the chest, and screamed for help. According to Quinn, Bell said "give me the keys" in a threatening and aggressive manner. Bell took the keys from Quinn and ran toward her vehicle. Quinn watched as Bell entered her vehicle and drove away. Meanwhile, Quinn's neighbors, hearing her screams, phoned the Alexandria police. Responding to a police alert, Officer Spitzer identified Quinn's vehicle being driven at a high rate of speed. Officer Spitzer apprehended the driver whom Quinn identified, at the scene, as Bell. Bell admitted being at the scene of the crime and taking Quinn's vehicle.

## II

We address the sufficiency issue first, as the constitutionality of a statute need only be decided when it is necessary to the determination of the case. Coleman v. City of Richmond, 5 Va. App. 459, 461, 364 S.E.2d 239, 241, reh'g denied, 6 Va. App. 296, 368 S.E.2d 298 (1988) (citation omitted).

When considering the sufficiency of the evidence in a criminal case on appeal, this Court views the evidence in the light most favorable to the Commonwealth. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. Code § 8.01-680; Josephs v. Commonwealth, 10 Va. App.

87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

> Code § 18.2-58.1 defines carjacking as
>> the intentional seizure or seizure of control
>> of a motor vehicle of another with intent to
>> permanently or temporarily deprive another in
>> possession or control of the vehicle of that
>> possession or control by . . . violence to
>> the person, or by assault, or otherwise
>> putting a person in fear of serious bodily
>> harm.

The trial court concluded that the elements of the offense were established beyond a reasonable doubt. It found that when Bell took Quinn's keys, he took "possession or control" of her vehicle by "violence" and with intent to either permanently or temporarily deprive her of possession or control. Bell contends, however, that the evidence is insufficient to support the conviction because, at the time he took Quinn's keys, she was not in "possession or control" of her vehicle.

The question on appeal is whether Quinn's possession or control of her keys gave her "possession or control" of her vehicle for purposes of the carjacking statute. The matter before the Court is one of first impression. However, case law decided in other contexts supports, by analogy, the conclusion that Quinn's possession of the vehicle's keys placed her in possession or control of the vehicle. See e.g., Burchette v. Commonwealth, 15 Va. App. 432, 435-36, 425 S.E.2d 81, 84 (1992) (reversing conviction based on constructive possession, noting lack of evidence that defendant had keys to vehicle in which

contraband was found); United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir. 1991), cert. denied, 502 U.S. 1100 (1992) (possession of vehicle's keys is evidence of his exclusive control over vehicle); United States v. Damsky, 740 F.2d 134, 139 (2d Cir.), cert. denied, 469 U.S. 918 (1984) (defendant had dominion and control of vehicle once he was given the key); United States v. Jackson, 529 F. Supp. 1047, 1050 (D. Md. 1981) (exclusive control over vehicle obtained upon possession of keys); Fitzpatrick v. United States, 410 F.2d 513, 517 n.3 (5th Cir. 1969) (noting that lack of keys indicates lack of control).[4]

Moreover, cases decided by both the Supreme Court of Virginia and this Court hold that "constructive possession" may be established by proving that an individual has the means of exercising dominion or control over the item. See, e.g., Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986); Archer v. Commonwealth 225 Va. 416, 418, 303 S.E.2d 863, 864 (1983); Brown v. Commonwealth, 5 Va. App. 489, 491-92, 364 S.E.2d 773, 774-75 (1988). While these cases address the concepts of "possession," "constructive possession," and "control" in the

_____

[4] Although the Virginia Supreme Court in Overbee v. Commonwealth 227 Va. 238, 315 S.E.2d 242 (1984), concluded that mere possession of a vehicle's keys is not enough to establish actual physical control of the vehicle, the Overbee Court was construing Code § 18.2-266, which requires operation of the vehicle in order to be convicted of DUI. Id. at 243, 315 S.E.2d at 244. Although operating a vehicle under Code § 18.2-266 requires something more than having "the means of effecting control," id., the same cannot be said of the meaning of "possession or control" of a vehicle under other statutes.

context of Code § 18.2-248, the Controlled Substances Act, the holdings of those cases are applicable here.

Bell's contention that the legislature did not intend to premise "possession or control" of the vehicle on the mere possession of the vehicle's keys without regard to the victim's proximity to the vehicle ignores this line of cases and their relationship to statutory construction issues. It is well established that "where the General Assembly acts in an area in which this Court has already spoken, it is presumed to know the law as the Court has stated it and to acquiesce therein." Fortune v. Commonwealth, 12 Va. App. 643, 650, 406 S.E.2d 47, 50 (1991); McFadden v. Commonwealth, 3 Va. App. 226, 230, 348 S.E.2d 847, 849 (1986). The law is well established that possession of the means to exercise dominion or control over an item gives the possessor dominion or control over the item itself. Thus, when the General Assembly enacted the carjacking statute to protect persons in "possession or control" of their vehicles, we presume the legislature intended to include persons possessing the means of exercising dominion and control of the vehicle.

Accordingly, appellant's claim that the evidence is insufficient to sustain the conviction must fail.

III

Having found sufficient evidence to support the conviction, we now consider whether the carjacking statute is unconstitutionally vague. In assessing the constitutionality of

- 5 -

a statute, "the burden is on the challenger to prove the alleged constitutional defect".  Woolfolk v. Commonwealth, 18 Va. App. 840, 848, 447 S.E.2d 530, 534 (1994).  In addressing the issue, a state court may construe its statutes as having limited application "if such a construction will tailor the statute to a constitutional fit."  Coleman, 5 Va. App. at 462, 364 S.E.2d at 241.  Bell argues that the carjacking statute is unconstitutionally vague because it contains no temporal or spatial constraint.  We disagree.  A criminal statute is unconstitutionally vague only if it fails to define the offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."  Perkins v. Commonwealth, 12 Va. App. 7, 16, 402 S.E.2d 229, 234 (1991) (quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983)).  Due process requires that the law "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited."  Id. (quoting Coleman, 5 Va. App. at 466, 364 S.E.2d at 243).

As previously noted, the legislature used terms well-grounded in our jurisprudence.  Existing case law defines the term "constructive possession," and establishes the principle that possession of a vehicle's keys is sufficient to establish possession or control of the vehicle.  What is prohibited by the carjacking statute is not beyond the ken of a person of ordinary

intelligence. Indeed, understanding the terms "possession and control" as employed in the carjacking statute requires "no superior intellectual attributes." United States v. Watson, 815 F. Supp. 827, 837 (E.D. Pa. 1993). Moreover, contrary to Bell's contention, the mere potential for different interpretations "concerning the precise meaning of a statute" does not necessarily render it void for vagueness. Jackson v. W., 14 Va. App. 391, 405, 419 S.E.2d 385, 393 (1992).

We also disagree with Bell's contention that the statute is unlimited in terms of time or space. However, even if Bell's theory were correct, Bell may challenge the constitutionality of a law only as it applies to him. See Coleman, 5 Va. App. at 463, 364 S.E.2d at 241–42; Grosso v Commonwealth 177 Va. 830, 839, 13 S.E.2d 285, 288 (1941). "That the statute may apply unconstitutionally to another is irrelevant." Id. Thus, Bell is constrained to argue the statute's unconstitutionality based on his temporal or spatial relation to the victim and her vehicle. The evidence proved that Bell used violence to take Quinn's keys and, within seconds, drove off in her vehicle while she watched.

Furthermore, as evidenced by the statutory elements of the crime, the carjacking offense is a species of robbery. Indeed, the carjacking offense was enacted as an additional provision in Article 5, Chapter 4 of Title 18.2 of the Virginia Code, entitled "Robbery."[5] While not part of the code section, in the strictest

_____

[5] The bill offered for passage by the General Assembly was captioned, "Aggravated robbery, motor vehicle piracy; carjacking

- 7 -

sense, the caption may be considered in construing the statute, as it is "valuable and indicative of legislative intent". Krummert v. Commonwealth, 186 Va. 581, 584, 43 S.E.2d 831, 832 (1947). Thus, carjacking must be viewed as a crime against the person as well as against the person's property. See Mason v. Commonwealth, 200 Va. 253, 255, 105 S.E.2d 149, 151 (1958); Jones v. Commonwealth, 13 Va. App. 566, 572 n.3, 414 S.E.2d 193, 196 n.3 (1992). Though the elements of carjacking and robbery are not identical, the carjacking provision is nonetheless confined by the same limitations which apply to robbery. Thus, the requisite violence or intimidation must precede or be concomitant with the taking. E.g., Mason, 200 Va. at 255-56, 105 S.E.2d at 151. Where, as here, the facts establish that the violence against the victim and the trespass to the victim's property "combine in a continuing, unbroken sequence of events, the robbery itself continues as well for the same period of time." Quesinberry v. Commonwealth, 241 Va. 364, 373, 402 S.E.2d 218, 224, cert. denied, 502 U.S. 834 (1991); see Person v. Commonwealth, 10 Va. App. 36, 40, 389 S.E.2d 907, 910 (1990).

The carjacking statute, well-grounded in the law of robbery, defines and limits the challenged provisions in a manner that does not encourage arbitrary and discriminatory enforcement. Viewed as a particularized form of robbery, the carjacking statute contains both temporal and spacial limits which negate
(..continued)
penalty." (Emphasis added.)

- 8 -

Bell's argument.

We do not construe the carjacking statute to cover every case where a defendant takes a victim's car keys and then deprives the victim of his or her vehicle. Rather, the Commonwealth must prove an act of violence against the victim that precedes or is concomitant with the taking of the vehicle from the possession or control of the victim, as delineated in the opinion.

For these reasons, we find that, as applied to Bell, Code § 18.2-58.1 is constitutional.[6]

Accordingly, his conviction is affirmed.

<u>Affirmed</u>.

---

[6] Bell also raises the issue of whether he may be convicted of the lesser-included offense of larceny or robbery. Because we affirm, we do not reach this question.