COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Annunziata and
         Senior Judge Duff
Argued at Alexandria, Virginia


SHEILA SANCHEZ
                                          OPINION BY
v.   Record No. 0538-99-4       JUDGE ROSEMARIE ANNUNZIATA
                                        APRIL 18, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                   Joanne F. Alper, Judge

          Andrew G. Lawrence for appellant.

          Shelly R. James, Assistant Attorney General
          (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Sheila Sanchez appeals her conviction for carjacking by the

Circuit Court of Arlington County on October 14, 1998, on the

ground that the trial court erred in denying her proposed jury

instruction for assault and battery as a lesser-included offense

of carjacking. In this matter of first impression, we find no

error and affirm the conviction.

                          FACTS

     Early in the morning of June 20, 1998, taxi driver Sallu

Fallah was driving Sanchez and a companion, Jeffrey Manley, to

various destinations in Washington, D.C., and northern Virginia.

Sanchez sat beside Fallah on the front seat of the cab. A

disagreement between Fallah and the passengers arose when

Sanchez and Manley decided to change their destination, and Fallah refused to convey them unless they paid an increased fare. While the taxi was stopped at a traffic light, Sanchez grabbed Fallah by the shirt, put a finger against his throat, slapped him, and began to punch him in the side with her fist. When the traffic signal changed to green, Fallah immediately turned left into the parking lot of a service station, as Sanchez grabbed the steering wheel in an effort to prevent the turn. Fallah parked and ran from the taxi to telephone the police, leaving his keys in the ignition. Sanchez and Manley pursued him briefly, then returned to the taxi, where Sanchez positioned herself in the driver's seat and attempted to drive from the scene with Manley sitting in the back seat. Fallah returned to the cab and offered to refund their fare if they would not take the car. Sanchez and Manley refused his offer and remained in the car. A customer at the service station who witnessed the incident parked his car in front of the taxi, blocking its path. Manley exited the taxi and threatened to shoot the customer if he did not move his vehicle, but the customer refused. The police arrived momentarily, but Sanchez remained in the car, refusing to get out even when the officers drew their weapons. Ultimately, three officers pulled her from the vehicle as she physically resisted.

At a jury trial on October 14, 1998, Sanchez was found guilty of carjacking in contravention of Code § 18.2-58.1. The court entered judgment in accordance with the verdict on February 23, 1999, and this appeal followed.

## ANALYSIS

When reviewing a trial court's refusal of a proposed lesser-included offense jury instruction, we must first decide whether the proffered instruction presents a lesser-included offense. See Simms v. Commonwealth, 2 Va. App. 614, 616-17, 346 S.E.2d 734, 735 (1986). The elements of the greater offense as charged must be examined in relation to the purported lesser offense, and where every commission of the greater offense is also a commission of the lesser offense, a lesser offense may be deemed to exist. See Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989) (a lesser-included offense is one "which is composed entirely of elements that are also elements of the greater offense"). The required examination of the two charges focuses not on the facts of the particular case under review, but on the offenses in the abstract. See Seibert v. Commonwealth, 22 Va. App. 40, 45, 467 S.E.2d 838, 841 (1996) (citation omitted). Thus, because the issue presented on appeal concerns a question of law, not a question of fact, it is subject to review de novo. See Rusty's Welding Service, Inc. v.

<u>Gibson</u>, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (<u>en banc</u>) (citation omitted).

The question before us is controlled by our holding in <u>Low v. Commonwealth</u>, 11 Va. App. 48, 396 S.E.2d 383 (1990). In <u>Low</u>, we applied the test set out in <u>Blockburger v. United States</u>, 284 U.S. 299 (1932), and determined that assault and battery is not a lesser-included offense of robbery. See <u>Low</u>, 11 Va. App. at 52, 396 S.E.2d at 385. We have previously noted that carjacking is a species of robbery. See <u>Bell v. Commonwealth</u>, 21 Va. App. 693, 701, 467 S.E.2d 289, 293 (1996). As Code § 18.2-58.1 defines carjacking essentially as "a particularized form of robbery," it follows that, because assault and battery is not a lesser-included offense of robbery, neither is it a lesser-included offense of carjacking.

The trial court therefore did not err in denying Sanchez's proffered instruction on assault and battery,[1] and we affirm her conviction.[2]

<u>Affirmed</u>.

---

[1] Because Sanchez's appeal only questions whether the trial court properly refused an instruction on assault and battery, we do not consider the propriety of an instruction on simple assault.

[2] Because we decide this appeal on a question of law, we do not decide whether more than a scintilla of evidence supported the submission of the instruction to the jury.