COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and Agee
Argued at Alexandria, Virginia


JERMAINE CHAMBERS, S/K/A
 JERMAINE C. CHAMBERS
                                    MEMORANDUM OPINION* BY
v.   Record No. 0805-01-4        JUDGE RUDOLPH BUMGARDNER, III
                                         AUGUST 6, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Leslie M. Alden, Judge

       Mark S. Loria for appellant.

       Steven A. Witmer, Assistant Attorney General
       (Jerry W. Kilgore, Attorney General, on
       brief), for appellee.


     A jury convicted Jermaine Chambers of carjacking in

violation of Code § 18.2-58.1.  He contends the trial court

erred by refusing to instruct that larceny is a lesser-included

offense of carjacking.  Concluding that it is not a

lesser-included offense, we affirm.

     Under Blockburger v. United States, 284 U.S. 299 (1932), an

offense is not a lesser-included offense of another offense if

it contains an element of proof that the greater offense does

not.  One crime is a lesser-included offense of another crime if

"every commission of the greater offense must be a commission of

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

the lesser offense." Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989) (citation omitted). "In applying the Blockburger test, we look at the offenses charged in the abstract, without referring to the particular facts of the case under review." Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001) (citation omitted).

Carjacking is "the intentional seizure or seizure of control of a motor vehicle of another with intent to permanently or temporarily deprive another in possession or control of the vehicle of that possession or control by means of [violence or the threat thereof] . . . ." Code § 18.2-58.1(B). An accused must act with the intent to "permanently or temporarily deprive" another of possession or control of the vehicle.

Larceny is "'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.'" Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994) (quoting Skeeter v. Commonwealth, 217 Va. 722, 725, 232 S.E.2d 756, 758 (1977)). The offense requires "'an actual taking, or severance of the goods from the possession of the owner,'" Mason v. Commonwealth, 200 Va. 253, 256, 105 S.E.2d 149, 151 (1958) (citation omitted), and the carrying away or asportation of the property, Bryant, 248 Va. at 183, 445 S.E.2d at 670. The accused must act with the intent "to permanently deprive" another of property. Stanley v.

-

<u>Webber</u>, 260 Va. 90, 96, 531 S.E.2d 311, 315 (2000) (citations omitted).

Comparing only the elements of intent[1] discloses that larceny cannot be a lesser-included offense of carjacking. Larceny requires the intent to "permanently deprive," but the lesser intent to "temporarily deprive" is sufficient to prove carjacking. Code § 18.2-58.1(B). Carjacking does not always require proof of the specific intent to "permanently deprive" another of property because the statute employs the disjunctive "or." See <u>Coleman</u>, 261 Va. at 200-01, 539 S.E.2d at 734 (malicious wounding is not lesser-included offense of attempted murder, which requires the specific intent to kill). Thus, a conviction for carjacking will not necessarily result in proof of a larceny.

We conclude that proof of carjacking will not always result in proof of larceny. Therefore, larceny is not a

---

[1] Larceny requires: (1) an actual taking of possession, (2) asportation, (3) an intent to deprive permanently, and (4) proof the car had intrinsic value. Carjacking does not require a taking from the person, some asportation, or proof of intrinsic value. A carjacker "need not fully acquire possession." Roger D. Groot, <u>Criminal Offenses and Defenses in Virginia</u> 81 (4th ed. 1998). Under certain circumstances, seizing car keys is seizing control of the car. <u>Bell v. Commonwealth</u>, 21 Va. App. 693, 467 S.E.2d 289 (1996). Carjacking does not require proof of some intrinsic value.

-

lesser-included offense of carjacking.  Accordingly, the trial judge did not err in refusing to give the larceny instructions.

Affirmed.

Benton, J., concurring.

The trial judge refused to instruct the jury on the elements of larceny as a lesser-included offense of carjacking. In determining under Virginia law whether one offense is lesser-included in another, we apply the Blockburger test. Blythe v. Commonwealth, 222 Va. 722, 726, 284 S.E.2d 796, 798 (1981). "[T]he test to be applied . . . is whether each [statutory] provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

In pertinent part, Code § 18.2-58.1 provides as follows:

> B.  As used in this section, "carjacking" means the intentional seizure or seizure of control of a motor vehicle of another with intent to permanently or temporarily deprive another in possession or control of the vehicle of that possession or control by means of partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever. . . .
>
> C.  The provisions of this section shall not preclude the applicability of any other provision of the criminal law of the Commonwealth which may apply to any course of conduct which violates this section.

(Emphasis added.)  By case decision in Virginia, "[l]arceny, a common law crime, is the wrongful or fraudulent taking of

- 5 -

another's property without his permission and <u>with the intent to deprive the owner of that property permanently</u>." <u>Tarpley v. Commonwealth</u>, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001) (emphasis added).

"We have previously noted that carjacking is a species of robbery." <u>Sanchez v. Commonwealth</u>, 32 Va. App. 238, 241, 527 S.E.2d 461, 463 (2000) (citing <u>Bell v. Commonwealth</u>, 21 Va. App. 693, 701, 467 S.E.2d 289, 293 (1996)). Indeed, we held in <u>Sanchez</u> that "Code § 18.2-58.1 defines carjacking essentially as 'a particularized form of robbery.'" 32 Va. App. at 241-42, 527 S.E.2d at 463. That holding is significant because the Supreme Court has "observed that theft is an essential component of robbery, charged as such in every robbery indictment, and that a robbery indictment includes, therefore, all elements of whatever larceny offense is charged, whether grand or petit." <u>Martin v. Commonwealth</u>, 221 Va. 720, 723-24, 273 S.E.2d 778, 780-81 (1981).

Applying the <u>Blockburger</u> test in <u>Whalen v. United States</u>, 445 U.S. 684 (1980), the United States Supreme Court noted that although courts should not look to the facts as alleged in the indictments, <u>id.</u> at 694 n.8, courts should look at the elements of the offense as alleged in the indictments. Thus, in <u>Whalen</u>, the Supreme Court ruled as follows:

In this case, resort to the Blockburger rule leads to the conclusion that Congress did not authorize consecutive sentences for rape and for a killing committed in the course of the rape, since it is plainly not the case that "each provision requires proof of a fact which the other does not." A conviction for killing in the course of a rape cannot be had without proving all the elements of the offense of rape. The Government contends that felony murder and rape are not the "same" offense under Blockburger, since the former offense does not in all cases require proof of a rape; that is, [the felony murder statute] proscribes the killing of another person in the course of committing rape or robbery or kidnapping or arson, etc. Where the offense to be proved does not include proof of a rape – for example, where the offense is a killing in the perpetration of a robbery – the offense is of course different from the offense of rape, and the Government is correct in believing that cumulative punishments for the felony murder and for a rape would be permitted under Blockburger. In the present case, however, proof of rape is a necessary element of proof of the felony murder, and we are unpersuaded that this case should be treated differently from other cases in which one criminal offense requires proof of every element of another offense. There would be no question in this regard if Congress, instead of listing the six lesser included offenses in the alternative, had separately proscribed the six different species of felony murder under six statutory provisions. It is doubtful that Congress could have imagined that so formal a difference in drafting had any practical significance, and we ascribe none to it. To the extent that the Government's

> argument persuades us that the matter is not
> entirely free of doubt, the doubt must be
> resolved in favor of lenity.

445 U.S. at 693-94 (citations and footnote omitted).

The Supreme Court of Virginia also has held that "[i]n applying the Blockburger test, we look at the offenses charged in the abstract, without referring to the particular facts of the case under review." Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001). The Supreme Court's decision in Coleman appears, in its application of the test, however, to be at odds with Whalen because Coleman requires that we look at "the use of the disjunctive 'or' in the statute" as creating hypothetical alternatives within one statute, 261 Va. at 200, 539 S.E.2d at 734, rather than the actuality of distinct statutes with each having one of the disjunctive elements. See Whalen, 445 U.S. at 694 (rejecting the Government's argument that "felony murder and rape are not the 'same' offense under Blockburger, since the former offense does not in all cases require proof of a rape"). Indeed, "the teaching of Whalen" clearly is that "the construction of the statute should be in terms of the actuality and not in terms of hypothetical but not genuine possibilities." United States v. Barrington, 662 F.2d 1046, 1052 (4th Cir. 1981).

When I apply the Coleman reasoning to this case, however, I conclude that although the carjacking statute contains as an

- 8 -

element in the disjunctive "intent to permanently . . . deprive," the larceny offense, which contains that same element, cannot be deemed a lesser-included offense of the carjacking. For these reasons, I concur in affirming the conviction.