COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


SALEEM MALAK PETTEY, S/K/A
 SALEEM MALIK PETTEY

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 1702-03-1                JUDGE ROBERT P. FRANK
                                              JUNE 29, 2004

COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                         Bruce H. Kushner, Judge

        Richard L. Buyrn for appellant.

        Susan L. Parrish, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        Saleem Malak Pettey (appellant) was convicted in a bench trial of two counts of burglary in

violation of Code § 18.2-91.[1]  On appeal, he contends the evidence was insufficient to prove he

broke into the premises, a necessary element of the crimes.  We agree and reverse both convictions.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Code § 18.2-91 states, in part:

                If any person commits any of the acts mentioned in § 18.2-90 with
                intent to commit larceny, or any felony other than murder, rape,
                robbery or arson in violation of §§ 18.2-77, 18.2-79 or § 18.2-80,
                or if any person commits any of the acts mentioned in § 18.2-89 or
                § 18.2-90 with intent to commit assault and battery, he shall be
                guilty of statutory burglary . . . .

          Code § 18.2-90 states, in part:

                If any person in the nighttime enters without breaking or in the
                daytime breaks and enters or enters and conceals himself in a
                dwelling house or an adjoining, occupied outhouse or in the
                nighttime enters without breaking or at any time breaks and enters

The sole issue here is whether sufficient evidence proved appellant broke into the two residences.[2]

> "Breaking, as an element of the crime of burglary, may be either actual or constructive . . . . Actual breaking involves the application of some force, slight though it may be, whereby the entrance is effected. Merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of the crime." Johnson v. Commonwealth, 221 Va. 872, 876, 275 S.E.2d 592, 594-95 (1981) (quoting Davis v. Commonwealth, 132 Va. 521, 523, 110 S.E. 356, 357 (1922)).

Bright v. Commonwealth, 4 Va. App. 248, 252, 356 S.E.2d 443, 445 (1987).

On appeal, we review the evidence in the light most favorable to the Commonwealth, granting it all reasonable inferences deducible from that evidence. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). The inferences drawn from the proven facts are within the province of the fact finder so long as they are reasonable and justified. Higginbotham v. Commonwealth, 216 Va. 349, 353, 218 S.E.2d 534, 537 (1975). "[W]hen the fact finder draws such inferences reasonably, not arbitrarily, they will be upheld." Moody v. Commonwealth, 28 Va. App. 702, 707, 508 S.E.2d 354, 356 (1998). See also Spencer v. Commonwealth, 42 Va. App. 443, 447-48, 592 S.E.2d 400, 402 (2004) (explaining the standard of review).

---

or enters and conceals himself in any office, shop, manufactured home, storehouse, warehouse, banking house, church as defined in § 18.2-127, or other house, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape, robbery or arson in violation of §§ 18.2-77, 18.2-79 or § 18.2-80, he shall be deemed guilty of statutory burglary . . . .

[2] The Commonwealth does not argue that the entry occurred at night. Therefore, breaking is a necessary element of these burglary offenses. See Code § 18.2-90.

Here, appellant was convicted of two separate burglaries in the same neighborhood. In relation to the first charge, Jacquelyn Howe testified that, at approximately 7:20 a.m., she saw appellant in her kitchen. The kitchen was located next to a porch, which had a sliding glass door. Howe ran to her bathroom and locked herself in. When she eventually left the bathroom, appellant was no longer in the house. The sliding glass door was closed. No exterior door, locks, or windows were broken. Nothing indicated a forced entry. Howe's fiancé, who was living with her, had already left for work. No testimony indicated whether the doors and windows of the house were open or closed prior to Howe's discovery of appellant in her kitchen.

Between 7:30 and 8:30 a.m. on the same day, Andrew Koszegi saw appellant on his screened back porch. Upon further investigation, Koszegi found appellant in a bathroom located off the screened porch. Appellant ran out of the house and jumped over a fence. Koszegi and his wife never locked the door to the porch. Again, nothing indicated a forced entry, and no testimony indicated the doors and windows were closed prior to Koszegi finding appellant in his home.

Clearly, appellant entered the two residences, but no evidence suggests how the entries occurred. No one testified that Howe's sliding glass door and Koszegi's porch door were closed prior to or at the time of entry. Absent any evidence that appellant broke into the house by even sliding the glass door open or opening the porch door, we must reverse.

The Commonwealth argues the trial court could infer appellant entered by opening those portals. However, such an inference is not reasonable or justified. Without any evidence to suggest the entries were closed, the fact finder could only suspect that appellant broke into the residences. "[C]ircumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must

be shown by evidence beyond a reasonable doubt to sustain his conviction." Clodfelter v.

Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977).

Reversed and dismissed.