`COURT OF APPEALS OF VIRGINIA


Present: Judges Beales, Powell and Senior Judge Clements
Argued at Richmond, Virginia


DONCORRIE PARHAM

MEMORANDUM OPINION[*] BY
v.       Record No. 1247-07-1              JUDGE RANDOLPH A. BEALES
                                            FEBRUARY 10, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

Gregory K. Matthews for appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Doncorrie Parham (appellant) appeals his conviction at a bench trial for carjacking in

violation of Code § 18.2-58.1.[1] He argues the evidence was insufficient to prove beyond a

reasonable doubt that he seized control of the victim's automobile. For the reasons that follow,

we reject Parham's argument and affirm his conviction.

I. BACKGROUND

At approximately 1:15 p.m. on December 23, 2005, S.C. ("the victim") parked his

automobile at a friend's apartment complex in Portsmouth. The victim had exited the car, locked

it with his remote device, and walked at most eight steps away from the vehicle when two men

with firearms approached him. They robbed him, taking his cell phone, his wallet, a watch, and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also found guilty of robbery, use of a firearm in the commission of a
felony, and possession of a firearm by a convicted felon. Those convictions are not before us in
this appeal.

jewelry. In addition, they specifically demanded his car key, which he turned over to them. The men directed the victim at gunpoint to leave the area.

After walking away from the apartment complex, the victim went to the first house he saw and received permission to call the police from there. The police arrived and accompanied him to the scene of the robbery approximately ten minutes after the robbery occurred. When they arrived at the parking lot, the victim's vehicle was no longer there.

The police found the vehicle at approximately 4:00 p.m. on the same day, about one mile away from the apartment complex. Its doors were locked. The police checked the outside of the car for fingerprints.[2] A print matching appellant's thumbprint was recovered from a door of the vehicle.

The victim identified appellant as one of the robbers from a photographic lineup and later identified him in court. He testified that appellant carried a black revolver during the offense.

Appellant argued at trial that the Commonwealth failed to establish that he seized control of the vehicle within the meaning of Code § 18.2-58.1 because the victim never witnessed appellant and his accomplice enter the vehicle and drive away. The trial judge rejected this argument, remarking that direct evidence proving that appellant entered or drove off with the car was unnecessary to convict him under the statute. The trial judge found that the evidence was sufficient to find appellant guilty "when you tie in the evidence that the defendant's fingerprints are on the car, the car is in fact moved, along with the other issues and other evidence in the case."

---

[2] Appellant claims it is significant that the police found his fingerprint on the exterior rather than the interior of the vehicle. However, the police field evidence technician testified that the inside of the vehicle was not checked for fingerprints because the doors of the vehicle were all locked. (In addition, the keys and remote had been stolen so they were not available to open the vehicle.)

## II. ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

As defined by the Virginia Code, "carjacking" is

> the intentional seizure or seizure of control of a motor vehicle of another with intent to permanently or temporarily deprive another in possession or control of the vehicle of that possession or control by means of partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever.

Code § 18.2-58.1(B). "To prove that an accused violated the provisions of [Code § 18.2-58.1], the Commonwealth had to prove beyond a reasonable doubt that the carjacker took possession or control of the vehicle. It is not sufficient to prove that the accused merely attempted to seize the vehicle or [to] seize control of the vehicle." Keyser v. Commonwealth, 22 Va. App. 747, 750, 473 S.E.2d 93, 94 (1996) (footnote omitted).

Appellant argues that the Commonwealth's evidence was insufficient to prove his guilt beyond a reasonable doubt of violating Code § 18.2-58.1. Appellant acknowledges that he took the victim's car key; however, he contends the Commonwealth failed to prove that he exerted any control over the vehicle because the victim testified that he did not see appellant enter or drive off in the vehicle. Furthermore, he contends that the Commonwealth's fingerprint evidence proved only that he touched the exterior of the victim's car at some point, not that he moved the car.

In Bell v. Commonwealth, 21 Va. App. 693, 698-99, 467 S.E.2d 289, 291-92 (1996), this Court applied the principle that possession of the means to exercise dominion or control over an item gives the possessor dominion or control over the item. In that case, the defendant stole the victim's purse and specifically demanded her car keys. The victim then watched as the defendant ran to the car and drove it away. Id. at 696-97, 467 S.E.2d at 291. This Court found the evidence sufficient to sustain the defendant's carjacking conviction. Id. at 699, 467 S.E.2d at 292; see also Spencer v. Commonwealth, 42 Va. App. 443, 450, 592 S.E.2d 400, 403 (2004) ("[W]e affirmed Bell's conviction of carjacking because the taking and asportation of the keys as a result of the defendant's intimidation, in effect, gave the defendant absolute control over the vehicle.").

Appellant argues that, unlike in Bell where the victim there observed the defendant drive away in her car, see Bell, 21 Va. App. at 696-97, 467 S.E.2d at 291, the victim in this case never witnessed appellant or his accomplice drive away in the vehicle or even enter it. Therefore, appellant contends, he cannot be convicted of carjacking. However, Bell does not stand for the proposition that a victim of carjacking must observe the suspect driving the vehicle. The evidence here, even without any direct observation of appellant driving the car, was sufficient for a rational fact finder to convict appellant of carjacking.

Appellant acknowledges that the evidence at trial proved that he and his accomplice robbed the victim, specifically demanded and took his car key with the remote access device, and ordered him at gunpoint to leave the area. Within ten minutes of the robbery, when the victim and the police returned to the area, the victim's car was no longer parked in the apartment complex parking lot. The police found the vehicle within three hours of its disappearance, only a mile away from the scene of the robbery. Appellant and his accomplice were the only people with the means to move the victim's car. Therefore, the only reasonable inference for the movement of the vehicle was that appellant and his accomplice moved it.

"Circumstantial evidence, if convincing, is entitled to the same weight as direct testimony," Britt v. Commonwealth, 276 Va. 569, 573, 667 S.E.2d 763, 765 (2008), and "can support a conviction if it sufficiently excludes every reasonable hypothesis of innocence," Hickson v. Commonwealth, 258 Va. 383, 387, 520 S.E.2d 643, 645 (1999). Here, the evidence adduced at trial supports no reasonable hypothesis of innocence. Viewing the totality of the evidence in the light most favorable to the Commonwealth, as we must on appeal, a rational fact finder could have found, as the trial judge found here, that appellant and his accomplice not only demanded the victim's car key at gunpoint, but also were responsible for the movement of the victim's vehicle from the location where he parked it. Accordingly, the Commonwealth's evidence proved beyond a reasonable doubt that appellant seized control of the victim's vehicle, with the intent to deprive him of possession or control of the vehicle, by the threat or presenting of firearms. See Code § 18.2-58.1.

III. CONCLUSION

For the foregoing reasons, we affirm appellant's carjacking conviction.

Affirmed.