COURT OF APPEALS OF VIRGINIA

Present:   Judges Freidman, Chaney and Lorish
Argued at Salem, Virginia


RAYMOND TOTTEN

v.        Record No. 0572-23-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE VERNIDA R. CHANEY
OCTOBER 1, 2024


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Samantha Offutt Thames, Senior Appellate Counsel (Virginia
Indigent Defense Commission, on briefs), for appellant.

Collin Chayce Crookenden, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Raymond Totten pleaded guilty to robbery, Code § 18.2-58, and was convicted of

carjacking, Code § 18.2-58.1, after a bench trial. For these offenses, he was sentenced to 20 years

of incarceration with 12 years and 5 months suspended. He appeals his carjacking conviction and

sentence, arguing that the evidence was insufficient to establish his intent to commit carjacking and

that the court abused its discretion in sentencing him. Finding no error, this Court affirms the trial

court's judgment.

BACKGROUND

On appeal, we review the evidence "in the 'light most favorable' to the Commonwealth,

the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Totten was indicted for robbery under Code § 18.2-58 and carjacking under Code § 18.2-58.1. He pleaded guilty to robbery and not guilty to carjacking. He waived his right to a jury trial and the trial court heard evidence on the carjacking offense.

On April 9, 2022, Totten's then-girlfriend, Teresa King, agreed to help him retrieve his phone from an undisclosed location.[1] She first drove herself and Totten to the bank to withdraw $25 in cash from her account, which she then put in her pocketbook. After leaving the bank, King and Totten had an argument in the car as she was driving to retrieve his phone. While stopped at a red light, Totten took the key out of the ignition and left the vehicle. They argued for 10 to 15 minutes before he returned the keys. King then told Totten she wanted to stop at a convenience store because she had a headache; she testified that she actually wanted Totten out of her car and preferred to make that demand in a public place.

When they arrived at the store, King turned off her car, grabbed her pocketbook, phone, and keys, and left the vehicle. After Totten exited, King locked the car. She then told Totten that she would retrieve his phone, but he did not have permission to get back in her car. While King was in the store, Totten grabbed her, forced her over a machine, and fought to take her pocketbook and keys. The struggle, caught on the store security camera, lasted about ten seconds. Once Totten had the pocketbook and keys, he left the store. Totten then took King's car and fled, without permission to take any of her items or vehicle. Three or four days later, law enforcement in North Carolina located King's car. She never recovered her pocketbook, keys, money, or items in her car.

---

[1] King's testimony about the location of Totten's phone was unclear, but implied that money was needed to retrieve it.

Totten denied taking the key out of the ignition during their argument in the car and testified that he was the one driving. He denied that they were retrieving his phone and claimed that King's phone was actually his. He also claimed that he never fought with her in the store, and simply grabbed the phone from her before walking out. During his testimony he stated several times he was confused; at one point, he acknowledged that he had taken King's pocketbook but then immediately denied taking her pocketbook. When asked if he had left King without a car, he answered that she had left him the same way.

The trial court found sufficient evidence to convict Totten of carjacking. On the robbery offense, the court sentenced Totten to ten years of incarceration with six years suspended; the court also sentenced Totten to ten years of consecutive incarceration with six years and five months suspended on the carjacking offense. This appeal followed.

ANALYSIS

I. Sufficiency of Carjacking

Totten argues that the evidence could not support a conviction for carjacking. We disagree.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193

(2009)).  "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'"  *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify."  *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (first alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)).  "[T]he conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when we find that the witness' testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'"  *Ragsdale v. Commonwealth*, 38 Va. App. 421, 429 (2002) (quoting *Ashby v. Commonwealth*, 33 Va. App. 540, 548 (2000)).  "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'"  *Gerald v. Commonwealth*, 295 Va. 469, 487 (2018) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

To prove carjacking under Code § 18.2-58.1, the Commonwealth must prove beyond a reasonable doubt that "the perpetrator intentionally seized, or seized control of, the [victim's] vehicle, either temporarily or permanently" and "the perpetrator so deprived the victim of possession or control of the vehicle by means of one or more . . . specifically prohibited acts," such as assault.  *Hilton v. Commonwealth*, 293 Va. 293, 299 (2017); *see also* Code § 18.2-58.1 (criminalizing seizing control of another's vehicle "by means of partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm").  As Totten concedes on brief,

evidence that a defendant used violence to take control of a person's keys with intent to deprive that person of their vehicle satisfies the elements of carjacking. *Bell v. Commonwealth*, 21 Va. App. 693, 697-99 (1996).

Totten argues that his taking of the car keys was "merely incidental" to his robbery of King's pocketbook. He claims that the evidence did not establish that he knew King's keys were inside the purse and that he lacked the specific intent to take the keys. Noting that the trial court found his seizure of the keys at the traffic light was not a carjacking, Totten argues that whatever intent he had then was not concurrent with his taking of the pocketbook at the convenience store. Thus, he claims that any intent to seize the keys did not coexist with any use of force as required for carjacking under Code § 18.2-58.1.

"Intent, like any element of a crime, may, and usually must, be proved by circumstantial evidence such as a person's conduct and statements. The statements and conduct of an accused after the events that constitute the charged crime may also be relevant circumstantial evidence of intent." *Simon v. Commonwealth*, 58 Va. App. 194, 206 (2011) (citations omitted).

When asked what Totten's hands were grabbing for, King testified that Totten "was trying to get [her] keys and the pocketbook." She stated that "[o]nce he grabbed [her] pocketbook and keys, . . . he took off out the door."

The trial court considered Totten's incidental taking argument. Yet, in comparing King and Totten's testimonies, the court noted that "[King] made it clear that he took not just the pocketbook, he specifically took the keys."[2] As fact finder, the court was entitled to believe

---

[2] As Totten acknowledged, it is unclear whether the keys were ever even in the pocketbook. King's testimony repeatedly references keys separate from the pocketbook. During direct examination, King testified: "I got in my pocketbook, my phone. I held the keys and then I got out the car"; "he grabbed my pocketbook and keys"; "he was trying to get my keys and the pocketbook." When asked what was in her purse, King answered "[m]y wallet, which could contains [sic] credit cards. I had the money for him that I had just pulled out. My phone and I

- 5 -

King over Totten after weighing the credibility of both witnesses. The fair inference from King's testimony, therefore, is that by grabbing for the keys, Totten intended to seize the keys.

The evidence that Totten intended to grab the keys during the altercation at the convenience store is sufficient to find intent for the carjacking conviction. Other evidence reinforces that Totten intended to seize the keys. Minutes before the store altercation, Totten and King also fought over the keys. He then took them from the car without permission. At the convenience store, when King said she would not allow Totten to reenter the car, Totten assaulted King, then immediately used the keys to take King's vehicle and flee the scene. He never returned King's car.

The trial court reasonably determined from King's testimony that Totten intended to seize her keys in the convenience store. Additionally, Totten's behavior before and after this incident supports the finding that he had the intent to seize the keys. The trial court did not err in finding Totten's actions and intent met the elements of carjacking.

## II. Sentencing

Totten asserts that the trial court erred in sentencing him to seven years and seven months of active incarceration for robbery and carjacking.

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992). Because of the difficulty of criminal

---

had like papers from a church." Absent from this list of contents were the keys. While the evidence in whole may be subject to multiple interpretations, in the light most favorable to the Commonwealth, it is reasonable to infer that King's keys were separate from the pocketbook. Thus, Totten could not have accidentally seized the keys by grabbing the pocketbook as the keys were not inside. Regardless, as the trial court determined that Totten was targeting the keys, we need not decide based on this interpretation.

sentencing decisions, we must rely heavily "on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016).

The penalty for carjacking is imprisonment "for life or a term not less than fifteen years." Code § 18.2-58.1(A). The penalty for robbery committed by physical force is imprisonment for "not less than one year nor more than 10 years." Code §§ 18.2-10(e) and -58(B)(3). The cumulative sentence that the trial court imposed for Totten's convictions for robbery and carjacking falls within these statutory parameters. "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Min Duy Du*, 292 Va. at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

In sentencing Totten, the trial court acknowledged Totten's struggles with mental health, but also weighed Totten's apparent refusal to take responsibility for his actions, the severity of the attack, and his history of criminal convictions that included burglary, abduction, and felony larcenies. After considering all these factors, the trial court sentenced Totten to a term of incarceration within that set by statute. Thus, Totten fails to establish that the trial court abused its discretion in sentencing him.

CONCLUSION

For these reasons, this Court affirms the trial court's judgment.

*Affirmed.*