## Richmond

Leslie Bazemore v. Commonwealth of Virginia.

December 1, 1969.

Record No. 7075.

Present, All the Justices.

*Peter W. Rowe*, for plaintiff in error.

*William P. Bagwell, Jr., Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for defendant in error.

Gordon, J., delivered the opinion of the court.

In the morning of March 7, 1967 two men entered the Fourth Street Gun Shop in Chesapeake and robbed the proprietor, J. D. Belding, of guns and ammunition. Defendant Leslie Bazemore, who was identified as one of the robbers, stands convicted of robbery and sentenced to ten years imprisonment. He appeals from the conviction order, complaining of instructions given and refused.

A police officer testified that on the night of the crime he found guns and ammunition stolen from the Gun Shop in Bazemore's possession—in a suitcase Bazemore was carrying on a street in Portsmouth. Belding identified Bazemore as one of the men who had robbed him

on March 7. By skillful cross-examination, defense counsel attempted to discredit the identification, but the jury found Bazemore guilty of robbery.

The defense asked for, but the court refused to give, this instruction:

### Instruction No. D-5

"The Court instructs the jury that mere unexplained possession of stolen property by the defendant, without more, is not sufficient evidence to support a conviction of robbery, but is merely one circumstance to be considered. And if you believe from the evidence that the defendant, Leslie Bazemore, had in his possession property which was the subject of this robbery, but if you further believe that the evidence as a whole fails to show beyond a reasonable doubt that Leslie Bazemore was one of those perpetrating the robbery, then you must return a verdict of not guilty." [1]

With the words "of robbery" added at the end, this instruction would have correctly stated the law. Under proper circumstances, guilt of larceny or burglary can be inferred from possession of recently stolen goods, unexplained or falsely denied. *Sullivan* v. *Commonwealth*, 210 Va. 201, 203, 169 S.E.2d 577, 579 (1969). But that rule has not been extended to robbery, and we decline to do so.

Whether or not the trial judge committed reversible error by refusing Instruction D-5, he did so by giving another instruction. Interrupting counsel's closing argument, the judge instructed the jury that it could find Bazemore guilty either of robbery or of grand or petit larceny. He then added:

"I further instruct the jury that where recently stolen goods are found in the possession of the defendant, the burden then rests upon him to show or make a reasonable explanation of where he obtained the goods. That's all."

Under this last instruction the jury may have been led to believe it could convict Bazemore of robbery on the mere basis of his

---

[1] Defense counsel made the following objection, apparently intending to refer to Instruction D-5:

"The defendant objects and excepts to the Court's refusal to grant Instruction D-8 [*sic*] as offered on the same grounds, that the jury in this case could have believed the defendant to be guilty of receiving stolen property or some other crime not related to the robbery itself and still have believed that he was not involved or one of the persons perpetrating the robbery."

possession of recently stolen goods. Since mere possession of recently stolen goods, even if unexplained or falsely denied, is not sufficient to sustain a conviction of robbery, the judge committed reversible error by giving this instruction.

■ Bazemore also contends that the court erred in refusing to grant an instruction telling the jury that Bazemore could only be found guilty of robbery or not guilty, and that the court erred in giving a lesser included offense instruction during closing argument. Since larceny is an offense included in a charge of robbery, we disagree with that contention. See *Blowe* v. *Peyton*, 208 Va. 68, 155 S.E.2d 351 (1967).

Lastly, Bazemore complains of testimony given by a police officer about a search of the home of Bazemore's mother and the seizure of articles found in the home. Since such testimony may not be offered or admitted on a new trial, we do not decide this point.

The case is remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*