COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Frank and McClanahan
Argued at Richmond, Virginia


IDRIS KASHEEN HARRIS

MEMORANDUM OPINION* BY
v.      Record No. 2412-05-2      JUDGE ELIZABETH A. McCLANAHAN
MARCH 27, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Daniel T. Balfour, Judge

Steven D. Goodwin (Gregory R. Sheldon; Goodwin, Sutton &
DuVal, P.L.C., on brief), for appellant.

Karen Misbach, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Idris Kasheen Harris (Harris) was convicted in a bench trial of robbery in violation of

Code § 18.2-58 and use of a firearm during the commission of a felony in violation of Code

§ 18.2-53.1.[1] On appeal, he maintains the evidence was insufficient to support his convictions.

We affirm the trial court.

I. BACKGROUND

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted).

That principle requires us to "discard the evidence of the accused in conflict with that of the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 18.2-53.1 provides, in pertinent part: "It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . *robbery*, . . . or abduction." (Emphasis added).

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (citations and internal quotations marks omitted).

So viewed, on November 16, 2004, Crystal Vaughn was operating her vehicle in Henrico County when she approached a stop sign at an intersection. After she stopped her vehicle, a man walking along the street beside her vehicle got into her car, held a gun to her, and told her to give him her money. Although she gave him all of her money, $47, he then dumped out the contents of her purse and took her cellular phone. Vaughn was "terrified" when the gun was pointed at her. After he got out of her car, the assailant proceeded to walk in the opposite direction from which Vaughn was going and disappeared between some houses. Vaughn did not observe any other individuals on the street and did not observe the assailant make contact with any other person. After sitting "paralyzed" for a few minutes, Vaughn drove around the corner to Walgreens to pick up her mother who then called the police.

Investigator J.M. Mitchell responded to the call and conducted the investigation of the robbery. After arriving at Walgreens, Mitchell called Vaughn's cell phone number from his own phone and a male voice answered the phone. Mitchell told the man that Vaughn wanted her phone back, and the man told Mitchell she was not getting it back and terminated the call. According to Mitchell, the robbery was reported to the police at 4:02 p.m. and he made the call to Vaughn's phone at 4:28 p.m. In the days following the robbery, Mitchell obtained and reviewed Vaughn's cellular phone records. Based on calls made and received on that phone, Mitchell developed Harris as the suspect in the robbery. After an arrest warrant was issued and police picked up Harris on January 18, 2005, Mitchell interviewed Harris regarding the robbery. Harris told Mitchell that at the time of the robbery he was "hanging" on the corner of Brookland Park Boulevard and Third with a friend named "Skeet." According to Mitchell, this location

- 2 -

would be five or ten minutes by car from where the robbery occurred. Harris told Mitchell that a white female pulled up in her car wanting to buy some drugs and that "Skeet" got into the car with her. According to Harris, "Skeet" came back shortly carrying her cell phone and told Harris he had robbed her. Harris told Mitchell he purchased the phone from "Skeet" for $25. Harris was unable to provide Mitchell with a description of "Skeet," or provide a real name or an address or phone number for this person.

Harris' mother testified that Harris was with her on the day of the robbery until close to 6:00 p.m., at which time she dropped him off two blocks from Brookland Park Boulevard and Third. She testified that at 3:30 or 4:00 that afternoon, Harris was with her on a car lot looking at a Mercedes Benz and nowhere near Brookland Park and Third. Further, she testified that Harris was not with an individual named "Skeet" at that time. She confirmed that after the date of the robbery, Mitchell spoke with her about phone calls that were made to and from Vaughn's cell phone. She told Mitchell that it was her son who was calling her from Vaughn's cell phone number after Mitchell asked her if she knew Harris.

The trial court overruled Harris' motions to strike the evidence and found Harris guilty on both charges.

## II. ANALYSIS

On appeal, Harris argues that the evidence was insufficient to establish that he was the criminal agent who committed the robbery.

In reviewing the sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict." Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991) (citation and internal quotations marks omitted). "[T]he trial court's judgment will not be set aside unless plainly wrong or without evidence to support it." Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999). "The

- 3 -

credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Marable v. Commonwealth, 27 Va. App. 505, 509, 500 S.E.2d 233, 235 (1998). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Id. at 509-10, 500 S.E.2d at 235. "This Court does not substitute its judgment for that of the trier of fact." Hunley, 30 Va. App. at 559, 518 S.E.2d at 349.

"Robbery is a common law crime against the person, which is proscribed statutorily by Code § 18.2-58." Clay v. Commonwealth, 30 Va. App. 254, 258, 516 S.E.2d 684, 685 (1999) (*en banc*). Robbery is "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Commonwealth v. Jones, 267 Va. 284, 286, 591 S.E.2d 68, 70 (2004) (citations and internal quotation marks omitted); see also Spencer v. Commonwealth, 42 Va. App. 443, 448, 592 S.E.2d 400, 402-03 (2004). Harris does not contend the Commonwealth failed to prove these essential elements. Rather, he challenges the convictions on the narrow ground that the evidence was insufficient to prove he was the person who committed the crimes.

Harris first contends the Commonwealth failed to prove he ever possessed the cellular phone taken from Vaughn during the robbery. Considering the evidence in the light most favorable to the Commonwealth and all fair inferences that may be drawn from such evidence, it was reasonable for the trial court to conclude that Harris was referring to Vaughn's cell phone during his discussion with Mitchell. The statements by Harris to Mitchell were made in the context of Mitchell's investigation of the robbery of Vaughn. Further, Harris' mother discussed with Mitchell placing calls to Vaughn's cell phone number, and subsequently confirmed that it was Harris who was calling her from that number. Thus, there was credible evidence to support the trial court's conclusion that Harris was in possession of Vaughn's cell phone.

- 4 -

Harris also argues that his mere possession of the stolen cell phone was insufficient to sustain his conviction of robbery and use of a firearm in commission of the robbery. He relies on Bazemore v. Commonwealth, 210 Va. 351, 170 S.E.2d 774 (1969), wherein the Court held that the trial court committed error by giving an instruction that allowed the jury to believe it could convict the defendant of robbery based on his mere possession of the recently stolen goods. Id. at 353, 170 S.E.2d at 776. We disagree with Harris that the trial court's judgment was based solely on his possession of the stolen cell phone. In response to Harris' arguments at trial, the trial court noted at least twice that it had "to look at all of the evidence." In reaching its decision, the trial court specifically cited the testimony of Vaughn describing her assailant and the circumstances surrounding the robbery in addition to the implausible story given by Harris to Mitchell.

The evidence before the trial court identifying Harris as the man who robbed Vaughn included more than just his possession of the stolen phone. Vaughn described her assailant, and the trial court was in the best position to observe the defendant and accord the proper weight to Vaughn's description. Mitchell developed Harris as the suspect based on the calls made to and from Vaughn's cell phone after it was taken from Vaughn. It was reasonable for the trial court to conclude that the person described by Vaughn and the person using the cell phone after it was taken was the same person who committed the robbery.

Furthermore, the trial court was entitled to find that the explanation Harris made to Mitchell was false and to consider it as additional evidence of Harris' guilt. "A defendant's false statements are probative to show he is trying to conceal his guilt, and thus is evidence of his guilt." Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991). When questioned by Mitchell regarding the stolen phone, Harris told Mitchell that someone named "Skeet" got into a car with a white female who wanted to buy drugs, stole the phone, and then

sold it to Harris at a different location. The trial court, sitting as fact finder, rejected the story given by Harris noting that it was being asked to believe that "[Harris] didn't do it because somebody named Skeet did it at a different location at about the same time."

Though Harris presented an alibi from his mother, it was inconsistent with the alibi Harris gave Mitchell. The trial judge was entitled to weigh the testimony and choose to either believe or disregard it. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted). The trial court clearly rejected the alibi offered by Harris' mother stating that her testimony was "certainly not helpful."

Based on the foregoing evidence, the trial court's conclusion that Harris was the man who committed the robbery was not plainly wrong or without evidence to support it. Thus, we affirm the judgment of the trial court.

Affirmed.