UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judges Russell and Malveaux
Argued at Richmond, Virginia

MAKESHA JOHNSON

MEMORANDUM OPINION* BY
v.        Record No. 0699-17-2        JUDGE MARY BENNETT MALVEAUX
MAY 1, 2018

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
W. Reilly Marchant, Judge

David B. Hargett (Hargett Law, PLC, on brief), for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Makesha Johnson ("appellant") was convicted of robbery, in violation of Code § 18.2-58,

and use of a firearm in the commission of a robbery, in violation of Code § 18.2-53.1.  On appeal,

she argues that the trial court erred in failing to grant a motion for a mistrial after a detective made a

statement at trial mentioning a previous robbery.  Appellant further argues that the trial court erred

in refusing to give a proffered jury instruction that the "unexplained possession of stolen property"

by itself is "not sufficient evidence to support a conviction for robbery."  For the following reasons,

we affirm.

I.  BACKGROUND

The Robbery

John Puot was working as a taxi driver in the city of Richmond on May 30, 2016.  At

around 1:30 p.m., he received a phone call from a man asking to be picked up at an apartment

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

complex on Eric Road. Puot arrived there sometime between 2:00 p.m. and 2:30 p.m., and found a man and a woman "off the road" by the apartment complex. At trial, Puot identified the woman and the man as appellant and her codefendant, James Pettis.

Appellant got into the taxi and sat behind the driver, and Pettis sat next to her. Pettis told Puot that they wanted to go to the Fulton neighborhood, but did not give him a specific address. Instead, he told Puot that he would direct him as he drove. Pettis directed Puot to Denny Street, which ended in a cul-de-sac. Puot drove to the end of the cul-de-sac and stopped. Pettis asked him if he had change for a $50 bill. When Puot started pulling out money, Pettis pointed a gun at the back of his head and told him "[d]on't make a move. If you make any move, I'll kill you. Give me all you have." Appellant got out of the taxi, opened Puot's door, and asked him "[w]here's the money, where's the money?" Pettis again told Puot "[d]on't make any move," at which point appellant told Pettis, "[n]o, don't worry, you know, I got something. I'll take care of it if he make anything of that." Appellant searched Puot and took his wallet, cell phone, and $30 in cash. Puot's wallet contained his driver's license and bank cards. After taking these items, appellant and Pettis told Puot to get out of the taxi, which he did. Pettis took the keys out of the ignition and started to leave with appellant. When they got to the other end of the cul-de-sac, they threw the car keys back toward Puot.

Puot's bank card was subsequently used that day at several different locations in Richmond, including City Dogs restaurant. A restaurant employee testified at trial that appellant and Pettis arrived around 3:30 p.m., ordered shots of alcohol, and asked the employee to call them a taxi. The receipt from the transaction shows that they paid with Puot's bank card around 4:00 p.m.

Another taxi driver testified at trial that he picked up two individuals at City Dogs on the day of the robbery, drove them to several places, and ultimately dropped them off at Camelot

Inn. A video recording showing appellant and Pettis in the taxi was introduced into evidence. At trial, the parties stipulated that in the video recording, appellant can be heard talking on the phone with a cell phone company and providing them with Puot's bank card number.

Around 5:15 p.m. that day, appellant checked into the Camelot Inn using her driver's license and Puot's bank card. The next day, the front desk manager found a gun covered in a washcloth in the room used by appellant. The manager also found Puot's driver's license and bank cards inside the toilet.

On June 9, 2016, Richmond Police Department officers saw a man and a woman matching the descriptions of appellant and Pettis walking on Eric Road, close to where Puot had picked up the passengers who robbed him. When the officers made eye contact with the man and the woman they fled, but the woman was soon apprehended and identified as appellant.

<u>Motion for Mistrial</u>

At trial, the Commonwealth asked Detective Brian Taylor of the Richmond Police Department if he had attempted to locate appellant and Pettis during his investigation of the robbery. The Commonwealth specifically asked, "Where was it that you went looking for them?" Taylor replied, "There was previous a robbery—." Following this statement, Pettis's counsel moved for a mistrial, and appellant's counsel joined in the motion. Counsel argued that a mistral was warranted because Taylor's answer was a "clear violation" of a pretrial motion to exclude evidence of prior robberies,[1] and any reference to other robberies was prejudicial to appellant. The trial court noted that Taylor never fully replied to the question. The court asked counsel if she wanted the court to give a curative instruction, and counsel agreed with the court's

---

[1] The Commonwealth moved to join two other charges of robbery against appellant and Pettis. The trial court denied the motion. Prior to the commencement of trial, appellant's counsel told the trial court that it was her "understanding" that the Commonwealth would not be introducing evidence of the other robberies in its case-in-chief, to which the Commonwealth agreed.

suggestion to instruct the jury to disregard the witness' last answer. The court took the mistrial motion under advisement and directed the jury to "disregard the last answer that the detective gave in regard to the last question asked."

The trial court later denied the motion, finding that the detective's answer did not specifically say that Pettis and appellant were involved in a previous robbery, and noting that the court gave a curative instruction.

Request for Jury Instruction

Counsel for appellant asked the trial court, over the Commonwealth's objection, to give the following jury instruction:

> The mere unexplained possession of stolen property by the defendant, without more, is not sufficient evidence to support a conviction of robbery, but is merely one circumstance that may be considered. If you believe from the evidence that the defendant had in his possession property that was the subject of the robbery, but if you believe that the evidence as a whole fails to show beyond a reasonable doubt that the defendant was one of those perpetrating the robbery, then you cannot find the defendant guilty of robbery.

Counsel argued that the instruction was warranted because it was a correct statement of the law under Bazemore v. Commonwealth, 210 Va. 351, 170 S.E.2d 774 (1969). She further argued that it was an appropriate instruction because, unlike in most robbery cases, appellant was found in the possession of stolen goods. The Commonwealth acknowledged that the instruction was a correct statement of the law, but argued that it should not be given because it was duplicative and also emphasized "a particular aspect of the evidence." The court found that it was a correct statement of the law, but ruled that it would not give the instruction because it was duplicative and "this one element of unexplained possession as opposed to any other parts of the case is unnecessary and could be prejudicial against the Commonwealth."

The jury found appellant guilty of robbery and use of a firearm in the commission of a robbery. This appeal followed.

## II. ANALYSIS

### A. Motion for Mistrial

On appeal, appellant asserts that the trial court erred in failing to grant the motion for a mistrial based on the detective's statement mentioning a previous robbery.

"A trial court exercises its discretion when it determines whether it should grant a motion for mistrial. Whether improper evidence is so prejudicial as to require a mistrial is a question of fact to be resolved by the trial court in each particular case." Beavers v. Commonwealth, 245 Va. 268, 280, 427 S.E.2d 411, 420 (1993). "[A] trial court's denial of a motion for a mistrial will not be reversed on appeal unless there exists a manifest probability as a matter of law that the improper evidence prejudiced the accused." Mills v. Commonwealth, 24 Va. App. 415, 420, 482 S.E.2d 860, 862 (1997). In addition, the judgment "will not be reversed for the improper admission of evidence that a court subsequently directs a jury to disregard because juries are presumed to follow prompt, explicit, and curative instructions." Beavers, 245 Va. at 280, 427 S.E.2d at 420.

In the instant case, in response to a question from the Commonwealth about the location in which he was looking for appellant and Pettis, Detective Taylor responded, "There was previous a robbery—." According to appellant, this statement suggested to the jury that she was connected to a previous robbery. However, as the trial court noted, the detective's statement about a previous robbery did not necessarily imply that appellant had committed another crime. Rather, Taylor simply stated that there had been a previous robbery, and his answer did not explicitly link appellant to a prior criminal act.

- 5 -

Further, the trial court clearly instructed the jury to disregard Taylor's answer to the Commonwealth's question. "[I]t is always to be presumed that the jury followed an explicit cautionary instruction promptly given, unless the record clearly shows that the jury disregarded it." Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990). There is no evidence in the record that the jury disregarded the court's instructions. Based upon the nature of Taylor's answer and the curative instruction given by the trial court, we cannot conclude the court's failure to grant a mistrial created a "manifest probability as a matter of law" that Taylor's answer "prejudiced the accused." Mills, 24 Va. App. at 420, 482 S.E.2d at 862.

## B. Jury Instruction

Appellant further contends that the trial court erred in not giving her requested jury instruction because the instruction was a correct statement of law, and evidence in the record supported the instruction.

"The purpose of any jury instruction is to inform the jury of the law guiding their deliberations and verdict." Keen v. Commonwealth, 24 Va. App. 795, 807, 485 S.E.2d 659, 665 (1997). Whether to give or deny jury instructions "rest[s] in the sound discretion of the trial court." Hilton v. Commonwealth, 293 Va. 293, 302, 797 S.E.2d 781, 786 (2017). On appeal, "[a] reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Chapman v. Commonwealth, 56 Va. App. 725, 735, 697 S.E.2d 20, 26 (2010) (quoting Chibikom v. Commonwealth, 54 Va. App. 422, 425, 680 S.E.2d 295, 296 (2009)). Thus, we review de novo "whether a jury instruction accurately states the relevant law." Lawlor v. Commonwealth, 285 Va. 187, 228, 738 S.E.2d 847, 870 (2013) (quoting Orthopedic & Sports Physical Therapy Assocs., Inc. v. Summit Grp. Props., LLC, 283 Va. 777, 782, 724 S.E.2d 718, 721 (2012)). Further, "[w]hen considering whether a trial court abused its discretion by denying

a defendant's proffered instruction, 'we view the facts relevant to the determination of that issue in the light most favorable to [the defendant].'" Holloman v. Commonwealth, 65 Va. App. 147, 174, 775 S.E.2d 434, 448 (2015) (alteration in original) (quoting Commonwealth v. Cary, 271 Va. 87, 91, 623 S.E.2d 906, 907 (2006)).

"[W]hen a trial court grants numerous instructions, the jury must 'consider the instructions as a whole and in the light of the evidence applicable to the issues presented.'" Walshaw v. Commonwealth, 44 Va. App. 103, 119, 603 S.E.2d 633, 641 (2004) (quoting Rollston v. Commonwealth, 11 Va. App. 535, 541, 399 S.E.2d 823, 826 (1991)). "Instructions are to be read in connection with the evidence to which they are intended to apply." Chapman, 56 Va. App. at 736, 697 S.E.2d at 26 (quoting Carroll v. Hutchinson, 172 Va. 43, 52, 200 S.E. 644, 648 (1939)).

Appellant first argues that the requested jury instruction is a correct statement of law, relying on Bazemore, 210 Va. 351, 170 S.E.2d 774. We agree with appellant. In Bazemore, a defendant accused of robbery asked for a jury instruction which mirrors the rejected instruction in this case:

> The Court instructs the jury that mere unexplained possession of stolen property by the defendant, without more, is not sufficient evidence to support a conviction of robbery, but is merely one circumstance to be considered. And if you believe from the evidence that the defendant . . . had in his possession property which was the subject of this robbery, but if you further believe that the evidence as a whole fails to show beyond a reasonable doubt that [defendant] was one of those perpetrating the robbery, then you must return a verdict of not guilty.

Id. at 352, 170 S.E.2d at 775. The Court in Bazemore held that "[w]ith the words 'of robbery' added at the end, this instruction would have correctly stated the law." Id. at 352, 170 S.E.2d at 775-76. The instruction in the instant case uses the wording of the instruction in Bazemore, with

the "of robbery" language added at the end. Thus, we find <u>Bazemore</u> instructive in demonstrating that appellant's proffered instruction in this case is a correct statement of law.[2]

However, while we agree with appellant that the rejected jury instruction was a correct statement of the law, we disagree with her contention that because it is a correct statement of the law, the trial court erred in refusing to give it. Even if an instruction is "a correct statement of the legal principles involved and the trial court, in its discretion, could properly have given the instruction, it does not follow that it was reversible error to refuse it." <u>Lincoln v. Commonwealth</u>, 217 Va. 370, 375, 228 S.E.2d 688, 692 (1976). "When granted instructions fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle." <u>Stockton v. Commonwealth</u>, 227 Va. 124, 145, 314 S.E.2d 371, 384 (1984). "Indeed, the granting of instructions that are merely repetitious and cumulative is discouraged." <u>Medlar v. Mohan</u>, 242 Va. 162, 168, 409 S.E.2d 123, 127 (1991). Here, we hold that it was not reversible error to refuse the instruction because the granted instructions fully and fairly covered the legal principle at issue.

---

[2] We further note that while <u>Bazemore</u> supports that appellant's proposed instruction is a correct statement of law, it does not compel the conclusion that it is generally error to refuse this instruction in robbery cases. The Court in <u>Bazemore</u> did not specifically hold that it was error to refuse this instruction; instead, the Court held that "[w]hether or not the trial judge committed reversible error by refusing [the instruction at issue], he did so by giving another instruction." <u>Bazemore</u>, 210 Va. at 352, 170 S.E.2d at 776. The trial judge in <u>Bazemore</u>, during counsel's closing argument, told the jury, "I further instruct the jury that where recently stolen goods are found in the possession of the defendant, the burden when [*sic*] rests upon him to show or make a reasonable explanation of where he obtained the goods. That's all." <u>Id.</u> The Court found that this instruction to the jury was reversible error because it may have led the jury to believe it could convict defendant of robbery on the mere basis of his possession of recently stolen goods. Because the decision in <u>Bazemore</u> was based upon the specific facts of that case, we find that its holding does not compel the conclusion that this instruction must be given in all robbery cases if requested.

In the instant case, the trial court granted numerous instructions to aid the jury in its deliberations and in understanding the elements of the crimes charged. Those instructions included Instruction 9:

> The defendant, Makesha Johnson, is charged with the crime of robbery of John Puot. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
>
> (1) That the defendant intended to steal; and
>
> (2) That the defendant took property or money; and
>
> (3) That the taking was from John Puot or in his presence; and
>
> (4) That the taking was against the will of John Puot; and
>
> (5) That the taking was accomplished by violence or intimidation or the threat or presenting of a firearm.
>
> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the crime as charged, then you shall find the defendant guilty but you shall not fix the punishment until your verdict has been returned and further evidence has been heard by you.
>
> If you find that the Commonwealth has failed to prove beyond a reasonable doubt any one or more of the elements of the crime, then you shall find the defendant not guilty.[3]

This instruction on the elements of robbery properly advised the jury that unexplained possession of stolen property, by itself, is insufficient to prove robbery, as it instructed the jury to find appellant guilty only if it found beyond a reasonable doubt that "the defendant took property or money" and "the taking was from John Puot or in his presence." The jury, so instructed, could not have found appellant guilty based solely upon appellant's "unexplained" possession of Puot's stolen bank card. Therefore, as Instruction 9 fully and fairly covered the legal principle at issue, appellant's rejected instruction was merely duplicative.

---

[3] This instruction uses the language of the Model Jury Instructions. 2 <u>Virginia Model Jury Instructions-Criminal</u>, No. G47.100, at 47-3 (repl. ed. 2017).

Appellant further argues that the instruction should have been given because it supported her theory of the case as presented at trial. "[A] criminal defendant is entitled to have the jury instructed on his or her theory of defense when the evidence in the record supports the defense and when the defendant has proffered an instruction that correctly states the law." Tart v. Commonwealth, 52 Va. App. 272, 278, 663 S.E.2d 113, 116 (2008). Appellant's theory of the case, as expressed in counsel's closing argument, was that Puot's eyewitness testimony was not reliable, and without this identification the only evidence produced by the Commonwealth was appellant's unexplained possession of Puot's stolen bank card. We reject appellant's argument that her theory of the case was not supported by the given instructions. Here, along with Instruction 9, the jury was also given an instruction that it was to judge the credibility of witnesses and the weight of the evidence. Given these instructions, the jury had ample opportunity to acquit appellant if it determined that Puot's testimony was not credible and that appellant was merely in the unexplained possession of stolen property. Thus, no additional instructions were necessary to support the appellant's theory of the case, and the trial court did not err in refusing the proffered instruction.

### III. CONCLUSION

We hold that the trial court did not err in refusing appellant's motion for a mistrial, nor did it err in refusing to give appellant's proffered jury instruction. Accordingly, we affirm.

Affirmed.