COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, O'Brien and Malveaux
Argued at Richmond, Virginia

UNPUBLISHED

JAMES PETTIS, S/K/A
  JAMES R. PETTIS

                                                    MEMORANDUM OPINION* BY
v.      Record No. 1115-17-2                JUDGE MARY BENNETT MALVEAUX
                                                    NOVEMBER 27, 2018
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                                W. Reilly Marchant, Judge

              Jennifer M. Newman (Jennifer M. Newman, PC, on brief), for
              appellant.

              Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
              Herring, Attorney General, on brief), for appellee.


        James Pettis ("appellant") was convicted of robbery, in violation of Code § 18.2-58, and use

of a firearm in the commission of a felony, second or subsequent offense, in violation of Code

§ 18.2-53.1.  On appeal, he argues that the trial court abused its discretion in denying a jury

instruction that was an accurate statement of law.  For the following reasons, we affirm.

                                    I.  BACKGROUND

                                        The Robbery

        John Puot was working as a taxi driver in the city of Richmond on May 30, 2016.  At

around 1:30 p.m., he received a phone call from a man asking to be picked up at an apartment

complex on Eric Road.  Puot arrived there sometime between 2:00 p.m. and 2:30 p.m. and found

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

a man and a woman "off the road" by the apartment complex. At trial, Puot identified the man and the woman as appellant and appellant's codefendant, Makesha Johnson.[1]

Johnson sat in the back seat behind Puot, and appellant sat next to her. Appellant told Puot that they wanted to go to the Fulton neighborhood, but did not give him a specific address. Instead, he told Puot that he would direct him as he drove. Appellant directed Puot to Denny Street, which ended in a cul-de-sac. Puot drove to the end of the cul-de-sac and stopped. Appellant asked him if he had change for a $50 bill. When Puot started pulling out money, appellant pointed a gun at the back of his head and told him "[d]on't make a move. If you make any move, I'll kill you. Give me all you have." Johnson got out of the taxi, opened Puot's door, and asked him "[w]here's the money, where's the money?" Appellant again told Puot not to move before Johnson searched Puot and took his wallet, cell phone, and $30 in cash. Puot's wallet contained his driver's license and bank cards. After taking these items, appellant and Johnson told Puot to get out of the taxi, which he did. Appellant took the keys out of the ignition and started to leave with Johnson. When they got to the other end of the cul-de-sac, they threw the car keys back toward Puot.

Puot's bank card was subsequently used that day at several different locations in Richmond, including City Dogs restaurant. A restaurant employee testified at trial that appellant and Johnson arrived around 3:30 p.m., ordered shots of alcohol, and asked the employee to call them a taxi. The receipt from the transaction shows that they paid with Puot's bank card around 4:00 p.m.

---

[1] Johnson was tried in the same trial as appellant for the same offenses, robbery and use of a firearm in the commission of a felony. She was convicted of both, and appealed to this Court. We affirmed her convictions in an unpublished opinion, Johnson v. Commonwealth, No. 0699-17-2, 2018 Va. App. LEXIS 116 (Va. Ct. App. May 1, 2018).

Another taxi driver testified at trial that he picked up two individuals at City Dogs on the day of the robbery, drove them to several places, and ultimately dropped them off at Camelot Inn. Photographs captured from the taxi's video recording showing appellant and Johnson in the taxi were introduced into evidence. At trial, the parties stipulated that in the video recording, Johnson can be heard talking on the phone with a cell phone company and providing them with Puot's bank card number.

Around 5:15 p.m. that day, appellant and Johnson checked into the Camelot Inn using Johnson's driver's license and Puot's bank card. The next day, the front desk manager found a gun covered in a washcloth and concealed in a lighting fixture in the room they had used. He also found Puot's driver's license and bank cards inside the toilet.

On June 9, 2016, Richmond Police Department officers saw a man and a woman matching the descriptions of appellant and Johnson walking on Eric Road, close to where Puot had picked up the passengers who robbed him. When the officers made eye contact with the man and the woman they fled, but they were soon apprehended. They were subsequently identified as appellant and Johnson. An officer discovered Puot's cell phone in appellant's pocket.

<u>Request for Jury Instruction</u>

At trial, counsel for appellant asked the court, over the Commonwealth's objection, to give the following jury instruction:

> The mere unexplained possession of stolen property by the
> defendant, without more, is not sufficient evidence to support a
> conviction of robbery, but is merely one circumstance that may be
> considered. If you believe from the evidence that the defendant
> had in his possession property that was the subject of the robbery,
> but if you believe that the evidence as a whole fails to show
> beyond a reasonable doubt that the defendant was one of those
> perpetrating the robbery, then you cannot find the defendant guilty
> of robbery.

Counsel argued that the instruction was warranted because it was a correct statement of the law under Bazemore v. Commonwealth, 210 Va. 351, 170 S.E.2d 774 (1969). She further argued that it was an appropriate instruction because "the bulk of the Commonwealth's evidence" was appellant's unexplained possession of stolen property. The Commonwealth acknowledged that the instruction was a correct statement of the law, but argued that it should not be given because it was duplicative and also emphasized "a particular aspect of the evidence." The court found that it was a correct statement of the law, but ruled that it would not give the instruction because it was duplicative and "this one element of unexplained possession as opposed to any other parts of the case is unnecessary and could be prejudicial against the Commonwealth."

In her closing argument, counsel for appellant argued that Puot was uncertain in his identification of appellant. She also stated that "[j]ust because [appellant] may have been in possession an hour, two hours, three hours after a robbery occurred -- he was in possession of a credit card, just because he's in possession of possibly recently stolen goods does not mean that he is guilty of robbery." She added that it was "very important" that the jurors understood that principle.

The jury found appellant guilty of robbery and use of a firearm in the commission of a robbery. This appeal followed.

## II. ANALYSIS

Appellant contends that the trial court erred in not giving his requested jury instruction because the instruction was a correct statement of law, and the instruction supported the defense theory of the case.

"The purpose of any jury instruction is to inform the jury of the law guiding their deliberations and verdict." Keen v. Commonwealth, 24 Va. App. 795, 807, 485 S.E.2d 659, 665

(1997).  Whether to give or deny jury instructions "rest[s] in the sound discretion of the trial court."  Hilton v. Commonwealth, 293 Va. 293, 302, 797 S.E.2d 781, 786 (2017).  On appeal, "[a] reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'"  Chapman v. Commonwealth, 56 Va. App. 725, 735, 697 S.E.2d 20, 26 (2010) (quoting Chibikom v. Commonwealth, 54 Va. App. 422, 425, 680 S.E.2d 295, 296 (2009)).  Thus, we review de novo "whether a jury instruction accurately states the relevant law."  Lawlor v. Commonwealth, 285 Va. 187, 228, 738 S.E.2d 847, 870 (2013) (quoting Orthopedic & Sports Physical Therapy Assocs., Inc. v. Summit Grp. Props., LLC, 283 Va. 777, 782, 724 S.E.2d 718, 721 (2012)).  Further, "[w]hen considering whether a trial court abused its discretion by denying a defendant's proffered instruction, 'we view the facts relevant to the determination of that issue in the light most favorable to [the defendant].'"  Holloman v. Commonwealth, 65 Va. App. 147, 174, 775 S.E.2d 434, 448 (2015) (alteration in original) (quoting Commonwealth v. Cary, 271 Va. 87, 91, 623 S.E.2d 906, 907 (2006)).

"[W]hen a trial court grants numerous instructions, the jury must 'consider the instructions as a whole and in the light of the evidence applicable to the issues presented.'"  Walshaw v. Commonwealth, 44 Va. App. 103, 119, 603 S.E.2d 633, 641 (2004) (quoting Rollston v. Commonwealth, 11 Va. App. 535, 541, 399 S.E.2d 823, 826 (1991)).  "Instructions are to be read in connection with the evidence to which they are intended to apply."  Chapman, 56 Va. App. at 736, 697 S.E.2d at 26 (quoting Carroll v. Hutchinson, 172 Va. 43, 52, 200 S.E. 644, 648 (1939)).

Appellant first argues that the requested jury instruction is a correct statement of law, relying on Bazemore, 210 Va. 351, 170 S.E.2d 774.  In Bazemore, a defendant accused of robbery asked for a jury instruction which mirrors the instruction rejected in this case:

> The Court instructs the jury that mere unexplained possession of stolen property by the defendant, without more, is not sufficient evidence to support a conviction of robbery, but is merely one circumstance to be considered. And if you believe from the evidence that the defendant . . . had in his possession property which was the subject of this robbery, but if you further believe that the evidence as a whole fails to show beyond a reasonable doubt that [defendant] was one of those perpetrating the robbery, then you must return a verdict of not guilty.

Id. at 352, 170 S.E.2d at 775. The Court in Bazemore held that "[w]ith the words 'of robbery' added at the end, this instruction would have correctly stated the law." Id. at 352, 170 S.E.2d at 775-76. The instruction in the instant case uses the wording of the instruction in Bazemore and adds "of robbery" at the end. Thus, Bazemore indicates that appellant's proffered instruction is a correct statement of law.

However, while Bazemore demonstrates that appellant's proposed instruction is a correct statement of law, it does not compel the conclusion that it is generally error to refuse to give this instruction if requested in a robbery case. The Court in Bazemore did not specifically hold that it was error to refuse this instruction; instead, the Court held that "[w]hether or not the trial judge committed reversible error by refusing [the instruction at issue], he did so by giving another instruction." Id. at 352, 170 S.E.2d at 776. The trial judge in Bazemore told the jury that it could find defendant guilty of either robbery or larceny, and stated, "I further instruct the jury that where recently stolen goods are found in the possession of the defendant, the burden when [*sic*] rests upon him to show or make a reasonable explanation of where he obtained the goods. That's all." Id. The Court found that giving this instruction to the jury was reversible error because it may have led the jury to believe it could convict defendant of robbery on the mere basis of his possession of recently stolen goods. Id. at 352-53, 170 S.E.2d at 776. Because the decision in Bazemore was based upon the specific facts of that case, its holding does not compel the conclusion that this instruction must be given in all robbery cases if requested.

- 6 -

Unlike Bazemore, the jury in this case was not instructed that it could convict appellant of robbery merely on the basis of his possession of recently stolen goods. Based upon the instructions actually given in this case, we find that the trial court did not err in refusing to give appellant's proffered instruction.

Even if an instruction is "a correct statement of the legal principles involved and the trial court, in its discretion, could properly have given the instruction, it does not follow that it was reversible error to refuse it." Lincoln v. Commonwealth, 217 Va. 370, 375, 228 S.E.2d 688, 692 (1976). "When granted instructions fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle." Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 384 (1984). "Indeed, the granting of instructions that are merely repetitious and cumulative is discouraged." Medlar v. Mohan, 242 Va. 162, 168, 409 S.E.2d 123, 127 (1991).

Here, it was not reversible error to refuse the instruction because the granted instructions fully and fairly covered the legal principle at issue. In the instant case, the trial court granted numerous instructions to aid the jury in its deliberations and in understanding the elements of the crimes charged. Those instructions included Instruction 11:

> The defendant, James Pettis, is charged with the crime of robbery of John Puot. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
>
> (1) That the defendant intended to steal; and
>
> (2) That the defendant took property or money; and
>
> (3) That the taking was from John Puot or in his presence; and
>
> (4) That the taking was against the will of John Puot; and
>
> (5) That the taking was accomplished by violence or intimidation or the threat or presenting of a firearm.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the crime as charged, then you shall find the defendant guilty but you shall not fix the punishment until your verdict has been returned and further evidence has been heard by you.

If you find that the Commonwealth has failed to prove beyond a reasonable doubt any one or more of the elements of the crime, then you shall find the defendant not guilty.[2]

This instruction on the elements of robbery properly advised the jury that unexplained possession of stolen property, by itself, is insufficient to prove robbery, as it instructed the jury to find appellant guilty only if it found beyond a reasonable doubt that "the defendant took property or money" and "the taking was from John Puot or in his presence." The jury, so instructed, could not have found appellant guilty based solely upon appellant's "unexplained" possession of Puot's stolen bank card. Therefore, as Instruction 11 fully and fairly covered the legal principle at issue, appellant's rejected instruction was merely duplicative.

Appellant further argues that the instruction should have been given because it supported his theory of the case as presented at trial. "[A] criminal defendant is entitled to have the jury instructed on his or her theory of defense when the evidence in the record supports the defense and when the defendant has proffered an instruction that correctly states the law." Tart v. Commonwealth, 52 Va. App. 272, 278, 663 S.E.2d 113, 116 (2008). Appellant's theory of the case, as expressed in counsel's closing argument, was that Puot's eyewitness testimony was not reliable and that appellant's possession of recently stolen goods did not mean that he was guilty of robbery. Here, the jury was given instructions that fully supported this theory of the case. Along with Instruction 11, the jury was also given an instruction that it was to judge the credibility of witnesses and the weight of the evidence. Given these instructions, the jury had

---

[2] This instruction uses the language of the Model Jury Instructions. 2 Virginia Model Jury Instructions-Criminal, No. G47.100, at 47-3 (repl. ed. 2017).

ample opportunity to acquit appellant if it determined that Puot's testimony was not credible and that appellant was merely in the unexplained possession of Puot's stolen property. Thus, no additional instructions were necessary to support appellant's theory of the case.

We further note that appellant had the opportunity to, and did, argue to the jury in closing argument that the mere unexplained possession of stolen property by the appellant was not sufficient evidence to support a conviction of robbery. Our Supreme Court, in Payne v. Commonwealth, 292 Va. 855, 794 S.E.2d 577 (2016), stated that closing argument is the proper place for counsel to emphasize certain aspects of the evidence, rather than in a jury instruction. The Court noted that

> [w]hile it may be appropriate during closing argument for each party to focus the jurors' attention on the evidence it prefers them to consider during their deliberations, it is not appropriate for the court to do so in a jury instruction because, under the law of Virginia, the jury is free to weigh the evidence how it chooses.

Id. at 871, 794 S.E.2d at 585.

Here, the proffered instruction was merely duplicative and appellant was able to present his theory of the case. Thus, the trial court did not err in refusing the proffered instruction.

III. CONCLUSION

For the reasons set forth above, we conclude that the trial court did not err in refusing appellant's proffered jury instruction.

Affirmed.